Mr. Carpenter May the police court count Carpenter appearing on behalf of Mr. Leslie Washington. Mr. Washington made a joint request along with myself for review of an amended fee agreement between Mr. Washington and myself concerning the terms of representation, particularly in relationship to the question of offset. This request for review below presented the issue of the continuing validity of the en banc decision in Carpenter versus Principi. This court has the authority to review a decision of the Veterans Court that rejects a party's statutory argument without discussion. That is precisely what happened in this case. The court reached the conclusion, this court, excuse me, reached that conclusion in Linville, finding that a decision is no less legal in nature than a holding that would reject such an argument following a detailed analysis. There was no analysis in this case because the en banc court below decided not to provide one. They simply denied the motion. Right. And the single judge didn't seek to resolve this. And the issue, in fact, wasn't really right at this point, was it? Because you hadn't incurred the fees yet. I mean, you're not losing this case and the ability to challenge this forever. Well I believe I am, Your Honor. You are? I am. Because the way in which this rule works is if the each of fees are paid, and there is an each application pending, which is stayed pending the outcome of this decision, those fees are required by this rule to be offset if and when there is an award of past due benefits to Mr. Washington. If Mr. Washington is awarded past due benefits, then those fees are required by this rule to be offset. And you challenge the offset and you get review of the rule. There's nowhere to challenge the offset, Your Honor. The offset is controlled by this rule. This rule requires attorneys appearing before the Veterans Court to follow this rule and to self-impose the obligation to offset. Now, the VA has in other circumstances in withholding contracts actually gone ahead and made the offset. The fee in this case is a non-withholding fee agreement. So there is no place for the VA to enter into this process in order to make a decision on the offset. I cannot go back to the Veterans Court in the Washington case because the Washington case will be closed, which is precisely why we asked to have the fee agreement reviewed to determine whether or not there is or is not validity. But to decide this issue now is almost an advisory opinion because we don't know if you're going to get that. You're assuming that there is going to be an offset and your argument is that you won't be able to review it at the time. But we don't know if there's ever going to be an offset because we don't know if you're going to earn the fees on the other end, right? Your statement is correct. Your conclusion is mistaken. The conclusion is mistaken because the rule obligates an offset. This fee agreement as presented confronts that rule directly and enters into a fee agreement that says that I will not offset that fee. That is subject to a final decision pending the review of that fee agreement. Congress provided for a specific mechanism for the review of fee agreements and the review of fee agreements is authorized by statute to be conducted by the Veterans Court. That's what the Veterans Court did in Carpenter v. Principi and that's what the Veterans Court refused to do in this case. Mr. Carpenter, how about 7863d, the last sentence of which states that in order of the court, presumably the Court of Veterans Appeals, under this subsection is final and may not be reviewed in any other court. How does that relate to what we... That does not relate, Your Honor, because that provision applies to the amount of the award of attorney fees. It does not deal with the question that's presented in this case, which is a question of offset. Offset is a concept that was created by a rule of law based upon an interpretation by the Veterans Court of both the Aegis statute and 5904, which requires an offset for fees earned before the court and before the VA. But the question of offset wasn't decided below. But it was, Your Honor, by the rule and it is the rule that controls the outcome and binds every attorney ethically and if I violate that rule without a finding that the rule is invalid, then I am subject to sanction by the VA and potential loss of my accreditation. Aren't we reviewing an order of the full court that said a motion for decision in a case decided only by a single judge is not permitted? Isn't that what's before us? No. The motion that was made was for review by the full court of its decision in Carpenter. The full court declined sub salentio from addressing that. You are correct that that's what they decided to do and that was the grounds that they offered. But they specifically did not reach the question that was presented to them in the motion for review of the fee agreement. The fee agreement that was amended specifically contradicts that rule and Mr. Washington and myself were entitled to a review of that by the plain language of the statute that permits review of fee agreements by the Veterans Court. They elected not to and by their ruling in Carpenter. So what relief are you seeking here? A determination by this court that the rule of law established in Carpenter that work performed before the Veterans Court and work performed before the VA is the same work is invalid. What about sending it back to them and telling them to look at it in the first instance, right? Well certainly I believe you have the discretion to do that, Your Honor. But I'm not sure that that is the most expeditious way to resolve this issue. But if this panel determines that that's the appropriate way to handle this, then clearly I'll go back and we'll argue it before the full court there. I mean this is a pure question of law about whether or not a rule of law that has been created by the Veterans Court that the work performed before the Veterans Court and compensated under the Aegis statute can possibly be as a matter of law the same work as performed under 38 U.S.C. 5904D. Those are not the same work. There are two Fifth Circuit cases that deal with this in the parallel universe of Social Security work in which two Fifth Circuit decisions clearly state that offset of court work versus work before the administration is simply not the same work. But they have a different statute. They have a different statute, Your Honor, but they have precisely the same circumstances. And those circumstances are that there is a statutory provision for compensation for the work performed before the agency. The significance of what has occurred since this case was decided by the Veterans Court is that in 2006, Congress amended that statute and made crystal clear that the work performed before the agency is all that is covered by 5904. And if that's all that's covered by 5904, there is no statutory authority for the Veterans Court to allow a fee for work performed before the agency. Only the agency makes that decision, just as only the court makes the decision for the work performed before the court and potentially this court in matters of a, in the nature of a civil action and appeal, which is the subject matter of an AJA application. Those are two entirely different things legally, and therefore this court should recognize that the rule created in Carpenter v. Principi is no longer viable based upon the change in law that when Congress amended 5904 to make clear, when Congress originally created this statute with the Veterans Judicial Review Act, there was in fact some ambiguity because the trigger for representation was a first final decision of the board. At that point, you only could go to court or go back and reopen with new and material evidence. So in fairness to the in bonk decision in Carpenter, there was ambiguity. That ambiguity has now been removed by the language that Congress provided for in 5904C5. And in that provision, they make clear that the attorney fees that are being paid are for services provided before the department, which includes the board. It does not mention the court. There is no separate statutory authority for the court to award attorney fees. On those grounds, this rule is invalid and should be set aside by this court and the Veterans Court should be directed to longer comply with that rule. I'll preserve the balance of my time. Thank you. Good morning. You may please the court. This court lacks jurisdiction to entertain Mr. Washington's arguments. Is there a way that he, is he just barred from ever getting the view of the argument he's making with regard to challenging the earlier Veterans Court amonk decision? Your Honor, I would say no in the sense that there could conceivably be a situation in which the Carpenter offsetting issue that he is raising could come before this court. However, it would have to be in a circumstance that would not be covered by 7263D. 7263D is the statute that Judge Laurie referenced that says that the Veterans Court, when it makes a determination as to the reasonableness or excessiveness of a fee, that decision is final and not reviewable. And those are the facts of the Carpenter case. I would emphasize as well that the Federal Circuit in the Carpenter case in 2003 recognized that 7263D prohibited it from reviewing the case. So under those facts, it would be difficult for the Carpenter case to come before this court. But certainly on the facts of this case, the issue is not before you. And really what Mr. Washington is asking you to do is to sit as a court of first instance on this court. What kind of, he says that he can't get any review in the Veterans Court. Is that correct? Because I was looking at the, I guess it was the original single judge order. It says the court declines, this is at Act 57, it says the court declines to exercise its discretion to review Mr. Washington's amended fee agreement at this time. That suggests there would be a time when it could be reviewed. And there could be, Your Honor. No, but Mr. Carpenter seems to be saying, I'm never going to be able to have this issue considered by the full Veterans Court. Well, I would agree with Mr. Carpenter in so far as procedurally where we are in the Veterans Court is that there had been a remand back to the board for further adjudication and that is underway. There is also a motion for EJIA fees, which is pending and that matter has been stated before the Veterans Court. In the context of the briefing of the EJIA issue, and that is in the record in the appendix before this court, there is an issue about the Carpenter question that is pending before the Veterans Court. So the Veterans Court very well could reach it in the context of reviewing the EJIA fee application. How would that happen? Well, if the stay were lifted following this appeal, the Veterans Court would procedurally would revisit the application for EJIA fees and consider the briefing that is pending before it on the Carpenter question. But I want to emphasize as well that there is also a separate statutory mechanism for reviewing of these fee agreements. 7263C is the provision that relates to the Veterans Court's review of fee agreements. But there is also 5904C3A, which relates to the review of fee agreements before the VA. And so the system that has been set up allows a veteran party to ask the VA in the first instance to review a fee agreement. That avenue has not been foreclosed. So for example, in this case, on a remand before the board, it is not too late for Mr. Washington to ask the Secretary, in this case would be the Office of General Counsel of the VA that has the authority to do it under the regulations to review the fee agreement. So the issue could then be reviewed. And is that reviewable then? And that is then reviewable to the board and then up to the Veterans Court if possible. But I do want to just get back to the... So in other words, what you're saying, because this seems to be the important issue here, say the board, I'm sorry, say the VA says no, Carpenter, the in-bank decision controls. And then Mr. Carpenter takes that negative determination to the board, okay, and the board goes the same way. You're saying that he could then appeal from that decision to the Veterans Court? Correct. The Veterans Court would have to... And get what he wasn't given here, namely apply for an in-bank review of that. Well, he may well end up in the same situation that he was in before in that he was asking the Veterans Court to review the fee agreement. But I want to emphasize that the Veterans Court under 7263C has discretion as to whether or not to review the fee agreement. So what you have before you on this case is a decision in which the single judge determined in his discretion not to review the fee agreement, quote, at this time. And so that, as we noted in our brief, is really the only issue that you might review here would be whether or not that's an abuse of discretion. And within the confines of the court, that's limited. And then you have, obviously, the en banc decision by the court to decide not to give full court consideration of the issue. So I do want to emphasize, again, and counsel referred to the Linville case and that there is somehow a implicit sub silentio rejection of the argument that he made below. But that's really not the case here. The Linville decision stands for the proposition merely that where the Veterans Court is confronted with a number of arguments and it rejects the argument, without addressing them expressly in its decision, that those, nevertheless, arguments are reviewable here. But that's not what occurred here because the Veterans Court did not reach the question that he's raising here today regarding the offsetting of the fees. And in addition, the rule of law jurisdiction is not implicated because there is no decision on a rule of law regarding offsetting that this court could review. So in essence, what you have is a system that this is really sort of an end run around the issue. You give the VA, in the first instance, and the Veterans Court, in the second instance, the province to review these fee agreements. And so, as we also noted in our brief, there are prudential concerns that even if the court were to find that it has jurisdiction, as in the Morgan case, it would be appropriate for the court to decline to reach these issues for prudential reasons. And as this court noted in Forsyth, when you have a decision that is not presented or addressed below, that prudential reasons make it appropriate not to consider it. In the Morgan case, it was a statute of limitations issue. And in this case, it would be this very important question of offsetting of EJF fees. And the Veterans Court carefully considered that question. Yeah, but the alternative to that is to send it back to them and tell them to do it in the first instance. Well, Your Honor, my response to that question would be that the court would really need to find some error. Under 7292, what the statute contemplates is when you're reviewing the case, there's an issue of discretion. There's an issue of discretion, et cetera. And under those, under that scenario, it would be appropriate to remand. Under these facts, there would be no basis to remand simply because there's an interesting question that's been raised before this court in an abstract sense. And particularly, when you have another mechanism, whether it's in this case or another case before the Veterans Court that could actually raise this issue and put it before the Veterans Court. I do want to emphasize as well that the Veterans Court, as we noted in our brief, has repeatedly reaffirmed the validity of the Carpenter holding. And we cite it to two cases. They were Mason and Jackson. One was in 2006, and one was in 2009. I mentioned the timing of the latter one because it occurred after the congressional amendments that Mr. Washington is relying on. And after the Fifth Circuit cases that he's relying on? How recent are those? The Fifth Circuit cases were from 2010, Your Honor. The 2009 decision was before those changes. But there is another case. The name is not at my fingertips, but the Veterans Court has its unpublished decision in 2013, I believe, where it again referred to Carpenter in this offsetting rule and recognized its validity. And at no time in those cases did this court consider that these Fifth Circuit cases, having to do with a completely different statutory scheme, somehow called into question the validity of the holding. Well, I'm not clear. In those other cases, was the issue raised? Did they address it and say, no, we reject those arguments, there's no change? Or did they just adopt the existing rule? They adopted the existing rule. So I'm not aware. No analysis. So we don't know whether they considered the arguments. We don't know whether they consider the argument. And in that regard, I would just go back to my initial point, which is, again, to the extent that these issues about the 26 amendments, about these Social Security Act cases, to the extent they call into question anything to do with a Carpenter rule, it would really be for the Veterans Court to determine that in the first instance. Let me ask you a question. Assume the alternative course that you were talking about prevails and Mr. Carpenter goes up, asks for in-bank review, again, by the Veterans Court. And this time, the Veterans Court grants it. And one of two things will happen. The Veterans Court might rule in his favor. In other words, change the Carpenter rule and we wouldn't see him. He'd be happy about that. But what if the Veterans Court stood by the original Carpenter decision and said, we stand by it, et cetera, it's good law. Would you be arguing we could not review that because of 7263D? 7263D, correct, yes. In other words, if this goes back and the Veterans Court decides it and the Veterans Court stands by its present in-bank decision, doesn't revisit it, it would be the government's position, the Secretary's position, that we could not review that new in-bank decision. Is that correct? Your Honor, I suspect that would be the case. But what I would submit is the 7263D says, and this is Congress's determination, it does not want these determinations by the Veterans Court to be reviewable. They are to be final. This offsetting question is not separate and distinct from reviewing an underlying fee agreement. And in this case, for example, in order to really consider this Carpenter question, you have to look at the fee agreement, you have to look at the language, you have to consider whether or not it really is intentioned with a Carpenter decision. So the Veterans Court would have to do that in this particular case, look at the language and consider it. That would be an application of 7263C, which then would not be reviewable. Now, as I said in the very opening question, there could be a scenario in which the Veterans Court opines about something about Carpenter that theoretically could come with this court's jurisdiction. And under 7292, which is obviously limited to legal issues that are raised below. But as long as it's determining the reasonableness or excessiveness of the fee, I can't imagine a situation... So we know what we're talking about here. We're talking about his arguments that the statute changes it. So tell me about those arguments. Are those the kinds of arguments that we could or could not entertain if we had a Veterans Court, a Monk opinion, as Judge Shaw suggested, that reinforced the existing rule? Well, to the extent that those arguments would be made to support an argument that the decision in Carpenter 2001 is no longer valid, and that is the argument that is present, that would still not be reviewable to the extent that it is reviewing the reasonableness or excessiveness of the fee. And I would go back to this Court's decision. Really, the most important source of authority on this question that we're discussing is this Court's decision in 2003 in the Carpenter case. Because the argument that arose in Carpenter is very similar. Obviously, we didn't have the Social Security Act cases and the like at the time, but the argument was very similar. You had a fee agreement that did not provide for offsetting. It went through the board, unlike this case, and went up to the Veterans Court and was reviewed. And the Veterans Court found that on the basis of the Aegis Statute and on the purpose of the provision of the Aegis Statute that allowed for offsetting for the same work, that it was inappropriate to have, in essence, the attorney be compensated twice. So I suspect that the Veterans Court, if it were to essentially repeat what it did back in 2001, but only examine the Social Security Act cases and the changes to 5904, we may well be back in the same place with controlling precedent of this Court saying there is no jurisdiction to review. So you can't obviously say exactly what will or will not happen, but what you're suggesting and telling us, if it goes back to the Veterans Court and the Veterans Court stands by its argument, by the Secretary that we lack jurisdiction, we'd have to address it at that time. That's correct, Your Honor. And I, again, would just go back to what Congress intended in wanting the VA and the Veterans Court to be the arbiters, if you will, of these fee agreements and whether or not they're reasonable. And there's nothing surprising in that. I do want to address briefly a couple of the other arguments that Mr. Carpenter mentioned, which is, one, I think he suggested that there was some sort of entitlement to a review of the fee agreement before the Veterans Court. Now, in the opening brief, that did appear to be an argument that he was raising. It was not raised before the Veterans Court. In our brief, as we pointed out, 7263C uses the word may. It's a discretionary statute. There is no right to obtain the review. So I just want to be clear to the extent that that argument is still being raised, we would submit it is not supported by the statute. Yes, I just want to make sure I understand. The provision that you sort of referred to earlier is 5904C3A. That would be the one that says the secretary may upon the secretary's own motion or at the request of the claimant review a fee agreement filed pursuant to paragraph 2. Yes. And you're saying to us that that is the route that remains open to Mr. Carpenter at this time with respect to his new fee agreement. Correct, Your Honor. You're saying he can go to the VA and say, review it, and then after that, he can go to the board and try again to go to the full Veterans Court. That is what I would... I don't believe there's any impediment to him pursuing that option. And again, the EJ briefing, which has now been fully briefed, raises these questions as well. So to the extent that the Veterans Court may well consider the question before it gets through all that process, if that's the avenue. What is the status of the EJ briefing at the Veterans Court? The EJ briefing, if you look at page 59 and 60 of the appendix, you have a Veterans Court decision of June 3rd, 2016. This 59-60? 59-60, Your Honor. Okay. And the Veterans Court said it was staying the proceedings and deferring consideration of the EJ motion. And what was the substance of the EJ motion? The EJ motion was seeking the EJ fees that had been awarded by the Veterans Court. And the secretary filed an opposition on grounds that if the court were to award the EJ fees without this offset under Carpenter, that that would be inappropriate. So the issue came up with respect to the offsetting that's being raised here in that context as well. And those briefings, the briefing is in the record. I believe the secretary's response is at Appendix 69 and the EJ application is at Appendix... starts at Appendix 22. So that could be another vehicle for consideration? That's correct. Okay. I see I'm almost out of time. Thank you. And for these reasons, we respectfully request the court dismiss for lack of jurisdiction or affirm the judgment below. Thank you. I believe that this court does have jurisdiction. I've outlined originally why. The government responds that there is no jurisdiction because of 73... or 62, excuse me. 72-63D. Thank you. 72-63D. I'm completely blank on the order. What do you say to the counsel's argument that the route set out in 5904C... 3A is available to you? I do not believe it is because I do not believe that that statute authorizes the attorney to seek review. It only allows Mr. Washington to do that. Now, Mr. Washington may or may not choose to do that at a time in which all of this is done and behind him and he has received an award of past due benefits. As Judge Prost pointed out, ultimately it depends upon whether or not Mr. Washington does or doesn't receive an award of past due benefits. The problem that that avenue, as suggested by the government, is to encourage me or other attorneys to willfully, knowingly enter into fee agreements that are contrary to the rule in Carpenter in order to test the rule in Carpenter. I see. What you're saying is the problem with that provision says that the claimant may seek review and you're not the claimant. You're the claimant's attorney. I'm the claimant's attorney. The other point is that I do not believe that the intention of 7263D is to prevent review of this rule of law. The government has basically said that that rule stands as a barrier for the review of the rule of law in Carpenter. When Carpenter was originally appealed, it was appealed to challenge the fee decision and this court correctly determined that 7263 prevented that review. At that time, this court did not have rule of law jurisdiction. If it had been prepped under rule of law jurisdiction, I believe that this court would have had such jurisdiction, but mayhaps it wouldn't because there would have been an award of a fee that was decided upon by the Veterans Court. That's what has happened in this case. What has happened in this case is that this question of law was presented originally to the single judge who declined. It was then asked for review by the en banc court. The en banc court declined. The problem with going through and replaying all of this and going through another 3 to 5 to 10 years worth of litigation gets us to exactly the same point because the rule of law is controlled by the decision in Carpenter. What about the attorney fees, the EJIA litigation that's going on that Mr. Canizares referred to? He is correct that the government is taking the position below in the EJIA petition that so long as the EJIA contract is, excuse me, so long as the fee contract is in the position that it's in, there is no entitlement to EJIA, period. Now, if the court makes that decision and agrees with the government and denies the EJIA application, then that is clearly appealable because that will be a decision under EJIA, not a decision based upon a fee agreement. It will then be based upon the rule of law and yes, we could be back here again in far less time than going all the way back through and starting with 5904. That would be a vehicle that would get the validity of Carpenter before us. It is, Your Honor. And to be perfectly candid with the court, the difficulty in getting this question before the court, and I have tried on many occasions to do that, is to figure out exactly what the right procedure is because there are so many moving parts in this that do or do not allow for us to get a final decision to come before this court. I believe that we have a clear decision, a clear statement from the Veterans Court in bond that they do not wish to review this question. I believe that this court can either exercise its discretion and send it back or can address the decision and we can get a ruling on the merits of the matter or we can wait for another day. Thank you. We thank both sides for cases submitted.